**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**
No. 97-2526

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| James Clyde De Lap, also known as | * | |
| James Clyde Mathis, | * | **[UNPUBLISHED]** |
| | * | |
| Appellant. | * | |

_____

Submitted: February 24, 1998
Filed: March 20, 1998

_____

Before McMILLIAN, LOKEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Clyde De Lap pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Consistent with the parties' plea agreement, the district court[1] sentenced De Lap to 92 months imprisonment (less time served on a state sentence) and three years supervised release. De Lap appeals his sentence, and we affirm.

_____

[1]The HONORABLE HAROLD D. VIETOR, United States District Judge for the Southern District of Iowa.

De Lap argues that paragraphs 34 and 35 of his presentence report (PSR) describe conduct that was not "relevant conduct" and thus should have been excluded from the PSR. We note, however, that the information in these paragraphs was not used to calculate his Guideline range. See U.S. Sentencing Guidelines Manual § 1B1.3(a) (1997) (providing for calculation of base offense level, specific offense characteristics, and adjustments under Chapter Three based on offense conduct and relevant conduct); cf. United States v. Guerrero-Cortez, 110 F.3d 647, 653 (8th Cir. 1997) (no need to address allegedly erroneous sentencing computation where correction will not affect defendant's sentence), cert. denied, 118 S. Ct. 604 (1997).

Moreover, De Lap does not contest the accuracy of the information; rather, he raises a concern about what use the Bureau of Prisons might make of the information, which describes De Lap's arrest on an assault charge, and a search of his residence which yielded a firearm, drugs, and drug paraphernalia, among other things. Under the circumstances of this case, however, the district court was under no obligation to strike the challenged paragraphs. See United States v. Beatty, 9 F.3d 686, 689 (8th Cir. 1993) (concluding that court did not err in refusing to strike from PSR information that defendant did not object to as inaccurate, but instead attacked as irrelevant and prejudicial; Fed. R. Crim. P. 32 does not require that objected-to material be stricken, and material was fairly presented and did not unfairly prejudice defendant).

De Lap also argues that the court erred in refusing to depart downward from the applicable Guideline range on the basis that his criminal history category over-represented the seriousness of his criminal history, and that he had been subjected to both state and federal prosecution based on essentially the same conduct. We conclude the district court's refusal to depart is unreviewable, as the refusal in each case was an exercise of discretion untainted by any illegal factors. See United States v. Field, 110 F.3d 587, 591 (8th Cir. 1997) (discretionary decision not to depart from Guidelines is unreviewable on appeal absent unconstitutional motive).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.